**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MARK ANTHONY WARREN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | **Case No. __________________** |

# COMPLAINT

NOW COMES Plaintiff, MARK ANTHONY WARREN ("Plaintiff"), by and through counsel, and files this Complaint against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), alleging as follows:

## Nature of the Action

1. This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## Parties

2. Plaintiff is a natural person residing in Statesville City, in Iredell County, in the State of North Carolina.

3. At all times relevant, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1681a(c).

4. Defendant EQUIFAX INFORMATION SERVICES, LLC is a consumer reporting agency headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person" as defined by 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX regularly assembles or evaluates consumer credit information for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties.

7. Defendant EQUIFAX furnishes consumer reports to third parties for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRA") as defined by 15 U.S.C. § 1681a(f).

9. At all times relevant, EQUIFAX acted through its agents, employees, officers, representatives, successors, and assigns.

**Jurisdiction and Venue**

10. This Court has subject-matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because EQUIFAX is headquartered within this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## Factual Allegations

12. Plaintiff is a consumer about whom EQUIFAX maintained and reported credit information concerning a Citicards CBNA account ending in 8101 (the "Account").

13. On June 24, 2026, Plaintiff made a one-time lump-sum payment of $2,863.59 on the Account. The payment record reflects that the payment cleared.

14. Plaintiff's July 22, 2026, three-bureau consumer report showed the Account with a reported balance of $2,792.00 at TRANS UNION, EQUIFAX, and EXPERIAN.

15. The same July 22, 2026, report reflected a monthly payment of $94.00 for the Account. Plaintiff's $2,863.59 lump-sum payment was more than thirty times that reported monthly payment.

16. Thus, as of July 22, 2026, EQUIFAX continued to report a $2,792.00 current balance even though Plaintiff had already made and cleared a $2,863.59 payment on the Account.

17. On July 22, 2026, Plaintiff mailed a written dispute to EQUIFAX identifying the Citicards, CBNA account ending in 8101 and specifically advising EQUIFAX that he had settled the Account and had made the payments required to fulfill the settlement.

18. Plaintiff specifically disputed EQUIFAX'S reported $2,792.00 balance and advised EQUIFAX that additional documentation was included to assist in its investigation.

19. Plaintiff requested that EQUIFAX research the dispute and update its records accordingly.

20. Following Plaintiff's dispute, EQUIFAX failed to correct the disputed balance.

21. Plaintiff's September 7, 2026, three-bureau consumer report shows EQUIFAX continuing to report the Account with a $2,792.00 current balance.

22. The same September 7, 2026, report shows both Transunion and Experian reporting the Account with a $0.00 balance.

23. EQUIFAX'S continued reporting of the exact same $2,792.00 balance after Plaintiff made a documented $2,863.59 payment was inaccurate or materially misleading because the reporting failed to account for the payment.

24. Moreover, Plaintiff had specifically advised EQUIFAX that the payment was made pursuant to a settlement resolving the Account, yet EQUIFAX'S post-dispute reporting continued to reflect the same unpaid balance.

25. Plaintiff does not challenge merely the historical fact that the Account had previously been delinquent, charged off, or closed. Plaintiff challenges

EQUIFAX'S continued representation that a current unpaid balance of $2,792.00 remained after the documented payment and after his direct dispute.

26. EQUIFAX'S continued reporting of a $2,792.00 balance after receiving Plaintiff's specific dispute and supporting documentation demonstrates that EQUIFAX failed to reasonably reinvestigate the dispute and/or failed to employ reasonable procedures to assure maximum possible accuracy.

27. As a direct and proximate result of EQUIFAX'S inaccurate or materially misleading reporting and failure to reasonably reinvestigate Plaintiff's dispute, Plaintiff suffered concrete harm, including damage to his credit and reputation, emotional distress, and interference with his normal and usual activities.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

28. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above.

29. EQUIFAX prepared and maintained consumer reports concerning Plaintiff that contained inaccurate or materially misleading information regarding the Account, including a reported current unpaid balance of $2,792.00 after Plaintiff made the documented $2,863.59 payment.

30. EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports concerning Plaintiff.

31. As a direct and proximate result of EQUIFAX'S violation, Plaintiff suffered actual damages, including damage to his credit and reputation, emotional distress, and interference with his normal and usual activities, in an amount to be determined by the trier of fact.

32. EQUIFAX'S conduct was willful, rendering EQUIFAX liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

33. In the alternative, EQUIFAX'S conduct was negligent, entitling Plaintiff to recover actual damages pursuant to 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

**COUNT II – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i**

35. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 27 above.

36. EQUIFAX received Plaintiff's dispute and supporting documentation but failed to correct or delete the inaccurate or materially misleading $2,792.00 balance concerning the Account.

37. EQUIFAX violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation of Plaintiff's dispute, failing to review and consider all relevant information submitted by Plaintiff, and failing to delete or modify information that was inaccurate, incomplete, materially misleading, or could not be verified.

38. As a direct and proximate result of EQUIFAX'S violation, Plaintiff suffered actual damages, including damage to his credit and reputation, emotional distress, and interference with his normal and usual activities, in an amount to be determined by the trier of fact.

39. EQUIFAX'S conduct was willful, rendering EQUIFAX liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, EQUIFAX'S conduct was negligent, entitling Plaintiff to recover actual damages pursuant to 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendant EQUIFAX Information Services LLC, and that Plaintiff be awarded:

a) Actual damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and statutory damages as permitted by 15 U.S.C. § 1681n(a)(1)(A);

b) Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for any willful violation;

c) Costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2); and

d) Such other and further legal or equitable relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 12, 2026

By: */s/ Heather Hicks*
Heather Hicks
Colexit Law, PLLC
8735 Dunwoody Place # 12678
Atlanta, GA 30350
P. 480.944.0994
HHicks@colexit.com

Attorneys for Plaintiff,
MARK ANTHONY WARREN